STATE OF NEBRASKA, APPELLEE, v. JACK HOLOUBEK, APPELLANT.

188 N. W. 2d 439

Filed June 25, 1971. No. 37708.

Robert C. Vondrasek, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold S. Salter, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

A jury found defendant Jack Holoubek guilty of the offense of burglary. The court sentenced him to imprisonment for 5 to 8 years. On appeal he attacks the

sufficiency of the evidence on the ground that an accomplice willfully swore falsely to material matters without corroboration.

The Hinky Dinky Store at 8411 Center Street in Omaha was burglarized October 13 or 14, 1969. Stolen merchandise consisted partly of meat in 2 pound cans and cigarettes. Delivery of the items to that store could be established by distinctive markings on them.

The alleged accomplice was Archie McShannon, owner of a tavern with an expired food permit. He informed on Holoubek and Louis Silvey on October 27, 1969. The substance of McShannon's testimony is as follows: He purchased cigarettes and 30 cans of meat for $60, $20 down, from Holoubek and Silvey at 2:30 a.m., October 14. They told him about breaking and entering a chain store, the method of entry, and difficulty with mud. Those facts, except the connection of Holoubek or Silvey, were corroborated.

Contradictions and evasiveness run through the record of the testimony of McShannon. He delivered 16 cans of meat and 4 packages of Kent cigarettes, with the distinctive markings of the store at 8411 Center Street, to police officers. His explanations of the whereabouts or disposition of the other items were evasive. His reasons for informing were contradictory. His testimony to incriminating statements by Silvey in Holoubek's presence appeared evasive and in part perhaps contradictory. He no doubt could have learned enough details from others to inform falsely against Holoubek and Silvey.

The evidence was clear that McShannon committed no offense worse than an accessory after the fact or a receiver of stolen property. In a prosecution for burglary, a witness who was a receiver of stolen property or an accessory after the fact was not an accomplice of defendant. Cf. §§ 28-201, 28-202, 28-508, and 28-513, R. R. S. 1943; State v. Breaker, 178 Neb. 887, 136 N. W. 2d 161 (1965); Neiden v. State, 120 Neb. 619, 234 N. W.

563 (1931). See 1 Underhill's Criminal Evidence, note 8, § 175, at p. 330 (5th Ed., 1956).

The evidence was sufficient to support the verdict against Holoubek under the general rules of State v. Leary, 185 Neb. 76, 173 N. W. 2d 520 (1970).

Holoubek also asserts that his 5 to 8 year sentence was excessive. The record incorporated no presentence report, but the sentencing hearing in May 1970 imparted two prior felony convictions of Holoubek, then age 37. A sentence imposed within statutory limits will not be disturbed for excessiveness in the absence of an abuse of discretion. State v. Trout, 186 Neb. 477, 183 N. W. 2d 923 (1971). No abuse of discretion appears here.

The judgment is affirmed.

AFFIRMED.