STATE OF NEBRASKA, APPELLEE, v. JOHN G. GRAY, APPELLANT.

188 N. W. 2d 705

Filed July 2, 1971. No. 37930.

Padley & Dudden, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

The defendant, prosecuted for incest under section 28-906, R. R. S. 1943, challenges the validity of a plea of guilty to the offense and his waiver of the right to counsel. We find these contentions to be without merit and affirm the judgment and sentence of the district court.

The basic standard for determining the validity of a guilty plea was enunciated by this court in State v. Turner, 186 Neb. 424, 183 N. W. 2d 763. In that case, this court stated as follows: "The standard for determining

the validity of guilty pleas is enunciated as follows in North Carolina v. Alford, 400 U. S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162: 'The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' "

The failure to appoint counsel for the defendant is challenged. The record reveals that on four different occasions the defendant waived the right to counsel and refused the appointment of an attorney to represent him. He did this twice in writing and twice orally, both before the proceedings in county court on arraignment and in the disposition and sentencing before the district court.

After his arrest the defendant signed a "waiver of right to counsel" which read as follows: "I, John Gray, being over the age of 21, and in sound mind and judgment after being offered a lawyer at the expense of Keith County, Nebraska, to defend me of the charge of incest; and after being advised that such charge constituted a felony, do take these matters into consideration and, therefore, state that I do not wish to be represented by a lawyer and hereby waive my right to counsel." The defendant was brought before the county judge of Keith County and bound over to the district court after telling the county judge that he did not want an attorney or a preliminary hearing. He was properly advised by the county judge as to his right to counsel and that if he could not afford one the court would appoint one and the state would pay for it.

The record reveals that in open proceedings in the district court with the safeguard of the judge conducting the proceedings and observing the defendant, he voluntarily signed the "petition to enter a plea of guilty with right to counsel waived." This petition in pertinent part provided as follows: "(2) I am not represented by an attorney in this matter. However, I understand that I have an absolute right to have an attorney and con-

sult with him in regard to the matter now pending against me and to be represented by counsel in all proceedings in this Court. I further understand that if I do not have funds to employ counsel that the court will appoint competent counsel to represent me and that the fee of such attorney and necessary expense of defense in this court would be paid by the County. * * *

"(4) I believe that I understand the possibility and nature of any defenses I might have in this case. I have been advised that the law provides the following possible punishment, as to Count I, 20 yrs * * *

"(5) I understand that I may, if I so choose, plead 'NOT GUILTY' to any offense charged against me, and that if I choose to plead 'NOT GUILTY' the Constitution guarantees me: (a) the right to a speedy and public trial by jury; (b) the right to see and hear all witnesses against me; (c) the right to use the power and process of the court to compel the production of any evidence, including the attendance of any witnesses in my favor; the right to have the assistance of counsel in my defense at all stages of the proceedings in this court, and if necessary to have the expense of my defense paid by the county; * * *

"(6) I also understand that if I plead 'GUILTY' the court may impose the same punishment as if I had pleaded 'NOT GUILTY', stood trial and been convicted by a jury.

"(7) I declare that no officer or agent of any branch of government (Federal, State, County or City), nor any other person has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or other form of leniency, if I would plead 'GUILTY'. * * *

"(8) With all of the foregoing statements in mind I specifically state to the court that I do NOT want to have an attorney represent me in this matter; I feel that I do NOT want to consult with an attorney about this

case and I specifically WAIVE any and all right to counsel at any and all stages of the proceedings against me in this court, and I respectfully request the court to hear my petition and accept my plea without my being represented by an attorney.

"(9) I know the court will not accept a plea of 'GUILTY' from anyone who claims to be innocent and, with that in mind and because I make no claim of innocence, I wish to plead 'GUILTY' and respectfully request the court to accept my plea, as follows: With respect to the charge in the information, I plead Guilty as to Count I;

"(10) I feel and believe that I understand the statements set forth in the information and in this petition and I declare that I offer the foregoing plea (or pleas) of 'GUILTY' freely and voluntarily and of my own accord."

The record of the proceedings in the district court reveals that the district judge inquired and discovered from the defendant's own lips that he had read the petition; that he understood it; that he was willing to sign it; and that he, in fact, did sign it in front of the district judge in open court. Out of an abundance of caution, the district court then proceeded to examine the defendant herein as to the contents of this document. The verbatim transcript of this proceeding will not be repeated here. It reveals that the defendant completely understood the charge against him, the statute under which he was charged was read to him verbatim, and the terms "licentiously cohabit," "carnal knowledge," and "licentiously" were explained to the defendant and he assured the court that he understood them. He was advised of his right to trial by jury and the necessity for a unanimous verdict of 12 jurors finding him guilty beyond a reasonable doubt. The different elements of the crime were explained to him and the necessity for proof on each one of them, and the defendant indicated that he understood the contends of his statement and

the explanation by the court in full. The court further examined him as to whether he had any questions that he wanted to ask before the plea was accepted. The information was read to him and the defendant, in open court, pleaded guilty to the charge. The court then explained to the defendant as follows: "The Court: By pleading guilty you are telling me that it is true that you did cohabit with Joy Gray, that you did licentiously know her or carnally know her, that you knew that she was your daughter, that you did this in Keith County, Nebraska, on or about the 15th day of September of this year, is that all true?

"The Defendant: Yes, sir."

Challenged with this apparently irrefutable record, the defendant now argues that he was incapable of understanding the proceedings because he only has an eighth grade education. The record reveals that he is 38 years of age, married, father of 9 children, has held responsible jobs in his life, and has held a position as an electronics technician with T.R.W. Company in Ogallala, Nebraska. His job consisted of repairing electronic machines. The record otherwise reveals that the defendant can read and write, and the district court made a general inquiry which revealed that the defendant is possessed with an intelligent general grasp and orientation. For example, on inquiry from the court as to the attitude of his wife towards the commission of this crime, the defendant testified as follows: "THE COURT: The one that you're—I again caution you, you don't have to answer this question, but, is your wife aware of this charge that has been brought against you?

"THE DEFENDANT: Yes, sir.

"THE COURT: What is her attitude?

"THE DEFENDANT: Pure hate."

It is contended by the defendant that the court did not adequately explain the element of proof of penetration, requisite to establishing his guilt to the charge. The court told him that, "By 'carnal knowledge' I am talking

about that you have engaged in carnal copulation, or, what is commonly known as the marital act of sex. Do you understand that?" It would seem obvious, except for the defendant's argument, that a 38-year-old man, appearing in open court, capable of holding a job as an electronics technician, father of nine children, the oldest of whom is 19 years of age, fully understood that penetration was required in the "marital act of sex."

We have examined the other contentions of the defendant and they are without merit. The record reveals that the defendant voluntarily and intelligently waived his right to counsel, and that his plea of guilty represents a voluntary and intelligent choice among the alternative courses of action that were open to him.

The judgment and sentence of the district court are correct and are affirmed.

AFFIRMED.