STATE OF NEBRASKA, APPELLEE. v. EDWARD A. CRUSE, APPELLANT.

190 N. W. 2d 629

Filed October 8, 1971. No. 38043.

Edward A. Cruse, pro se.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

A motion of Edward A. Cruse for post conviction relief was denied without a complete evidentiary hearing. He appeals, asserting involuntariness of his guilty plea and error in the court's correcting the record of his sentence without notification.

The journal of the district court, Judge Krell presiding, on May 1, 1970, set out a sentence of Cruse to imprisonment from 1 to 5 years. On June 2 the court without notification to either party ordered correction of the journal as follows: " 'for a period of 2 to 5 years' as per court's pronouncement from the bench at the time of sentence."

Cruse appeared with counsel on October 19, 1970, on an order to show cause in connection with his post conviction motion. The matter was continued by agreement in order for the court reporter to transcribe his notes. On December 11 the State and Cruse's counsel appeared

before the court, Judge Brodkey presiding. The court reporter's certified verbatim record of the plea and sentencing hearings was received in evidence.

The general standard for validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among alternative courses of action open to defendant. State v. Gray, 187 Neb. 197, 188 N. W. 2d 705 (1971); State v. Turner, 186 Neb. 424, 183 N. W. 2d 763 (1971). Evidence of compliance at Cruse's plea hearing is replete.

A court should not correct an erroneous record of a criminal sentence without affording the parties a hearing. State v. Kortum, 176 Neb. 108, 125 N. W. 2d 196 (1963). Judge Krell did not testify, and no entry in his minute book was offered in evidence.

The reporter's evidence is undisputed that the court three times informed Cruse that the sentence was 2 to 5 years. The error of the court in correcting the journal without notification and hearing was harmless in view of the subsequent proceeding. Cf. Kennedy v. Reid, 249 F. 2d 492 (D. C. Cir., 1957).

AFFIRMED.