STATE OF NEBRASKA, APPELLEE, V. LAWRENCE SAXON,
APPELLANT.

190 N. W. 2d 854

Filed October 15, 1971. No. 37805.

Frank B. Morrison and Bennett G. Hornstein, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

Lawrence Saxon pleaded guilty, and the district court imposed a consecutive sentence. He appeals. The district court, he contends, erred in failing to hold a hearing sua sponte on his mental competency at the plea and sentencing hearings. Excessiveness of the sentences is also asserted.

On January 26, 1970, Sergeant Holewinski of the Omaha police department arrested Saxon and George Woods in their room. Another officer, Sergeant Volcek,

stood at the entrance. Saxon suddenly grasped a hidden pistol which he aimed at Holewinski, and Woods disarmed the captive. Volcek, in fleeing for assistance, purposely dropped his service revolver in the street near a door of the squad car.

Saxon and Woods, holding Holewinski hostage, ordered him to occupy the driver's seat of the squad car. In the back seat each man pointed a weapon at Holewinski. Volcek approached the car upon demand of the two men, who noted that he was unarmed. At the car he retrieved his service revolver with which he killed Woods. Holewinski's revolver, held by Woods, discharged, and the shot wounded Volcek. Saxon surrendered without firing.

Saxon, age 23, was held in jail until a date subsequent to his plea and sentencing hearing in June 1970. Competency of his private counsel, Samuel P. Caniglia, now a district judge by appointment under the merit plan for judicial selection, is undisputed. He called Saxon's mother to testify, and he introduced reports of two psychiatrists in evidence. He did so, however, to mitigate punishment—not to suggest mental incompetency of Saxon.

Saxon's mother testified that death of the father 9 years earlier had affected the son. Symptoms were withdrawal, absences from school, violent temper, and sudden changes to extreme tranquility.

Dr. J. L. Bodig wrote Caniglia on May 21, 1970, regarding an examination requested by Caniglia: ". . . (Saxon's) thought associations were somewhat loose but he was able to maintain a fairly continuous conversation. There was no evidence of blocking . . .. His sensorium was clear and he is well oriented to time, person, and place. . . . Diagnostically . . . (Saxon) is suffering from a chronic undifferentiated schizophrenic reaction. . . . his interpretation of reality is quite tenuous and undoubtedly at times becomes dissociated from reality. He has marked psychopathic tendencies. . . ."

Dr. C. H. Farrell reported his examination of Saxon on January 29, 1970: ". . . (Saxon) is a chronic psychopathic personality in an inadequate individual who shows no evidence of psychosis at this time. . . . DIAGNOSIS: No evidence of frank psychosis found. Psychopathic Personality."

Saxon had little formal education beyond grade 11. He had been convicted of misdemeanors but no felony. The Air National Guard discharged him honorably.

The information charged four counts respectively as follows: Kidnapping, robbery, use of firearm in commission of felony, and assault with intent to murder. Saxon pleaded guilty to the last three counts, and the prosecution dismissed Count I. The court sentenced Saxon to imprisonment for 25 years on Count II; for 3 to 10 years on Count III, to be consecutive; and for 15 years on Count IV, to run concurrently with the sentence on Count II.

The standard for validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to defendant. State v. Cruse, ante p. 331, 190 N. W. 2d 629.

No person who as a result of mental disease or defect lacks capacity to understand the proceeding against him is to undergo sentence for commission of an offense so long as such capacity endures. See § 29-1822, R. R. S. 1943. Cf. Pate v. Robinson, 383 U. S. 375, 86 S. Ct. 836, 15 L. Ed. 2d 815 (1966); Bishop v. United States, 350 U. S. 961, 76 S. Ct. 440, 100 L. Ed. 835 (1956); Model Penal Code, Proposed Official Draft, § 4.04, p. 68 (1962).

It is discretionary with the district court to hold a hearing sua sponte on the mental competency of a defendant to undergo sentence for commission of an offense. State v. Anderson, 186 Neb. 435, 183 N. W. 2d 766 (1971).

On competency the district court might consider not only the psychiatric reports but also the position of Caniglia. He had requested at least one report. His

investigation, reputation, and ability might properly lead a court to conclude that Caniglia had delved into the point. The court, in not holding a competency hearing sua sponte, acted well within its discretion.

The sentences are hard, but the conduct of Saxon after the arrest was grievous. True, he fired no shot, but he initiated the train of events in which Volcek was wounded. Social defense demands special protection for law enforcement officers in line of duty. A sentence imposed within statutory limits will not be disturbed for excessiveness in the absence of an abuse of discretion. State v. Holoubek, 187 Neb. 163, 188 N. W. 2d 439 (1971). There was no abuse here.

AFFIRMED.