STATE OF NEBRASKA, APPELLEE, V. STEPHEN G. HURLEY, APPELLANT.

204 N. W. 2d 176

Filed February 9, 1973. No. 38621.

Stephen G. Hurley, pro se.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J.; SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

This is an appeal from the sentence imposed after a plea of guilty to a charge of robbery. The defendant was sentenced pursuant to section 28-414, R. R. S. 1943, to a term of from 6 to 8 years in the Nebraska Penal and Correctional Complex. The sole issue presented is whether or not there was a violation of a plea bargain.

Defendant was charged with two counts of robbery. He was represented by counsel at arraignment and on January 19, 1972, pled not guilty. Later, on April 24, 1972, defendant again appeared with counsel and asked leave to withdraw his plea of not guilty as to one count of the information. Before granting the motion the court examined the defendant and established he was 18 years old and had completed the 10th grade. The court then carefully explained the right of trial by jury and all the rights that attended it, and that a plea of guilty would waive those rights. Defendant affirmatively answered he understood. Further inquiry revealed a plea bargain. The record shows the bargain was that following a plea of guilty and sentencing on this charge that two other felony charges would be dismissed. Defendant was then specifically asked if there had been promises of anything else and he answered, "No, sir."

The court then determined the defendant understood that conviction of even one count of robbery carried a possible sentence of from 3 to 50 years and that while defendant was hopeful of probation defendant knew the county attorney had not promised nor recommended it. The defendant admitted the essential facts constituting the basis for the plea on this count but denied involvement as to the other robbery. The court then accepted the plea of guilty and deferred sentencing.

At the hearing for sentencing on May 31, 1972, prior to the imposition of sentence, defendant for the first time stated that the plea bargain included a flat sentence of 3 or 4 years. Inquiry revealed that defendant

had mentioned this term to his attorney, that the attorney had talked to the county attorney and the court, but that no promise had been obtained and that the defendant had not been told there was such a promise. The attorney had told defendant he thought the sentence might be for 4 years. This occurred after entry of the plea of guilty.

The record does not support defendant's contention. It is abundantly clear that defendant understood the nature of the charge, the possible penalty, his rights, and the effect of a plea of guilty. The plea of guilty here represents an intelligent and voluntary choice between the alternate courses of action. State v. Thompson, *ante* p. 115, 201 N. W. 2d 204; State v. Turner, 186 Neb. 424, 183 N. W. 2d 763; State v. Cruse, 187 Neb. 331, 190 N. W. 2d 629. The plea bargain as it existed was carried out. There was no request to withdraw the plea of guilty. There is nothing to show that the plea was the result of any such other promises or any misunderstanding. The court specifically found that the plea was voluntary and intelligently made and the record clearly supports the findings.

The judgment and sentence appealed from are affirmed.

AFFIRMED.