STATE OF NEBRASKA, APPELLEE, v. TOMMY R. COOPER, APPELLANT.

246 N. W. 2d 65

Filed October 13, 1976. No. 40571.

Keith N. Bystrom and Leonard P. Vhynalek, for appellant.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

The defendant was charged with a third offense of driving while intoxicated and in counts II and III with refusing to submit to a blood, breath, or urine test, and operating a motor vehicle when his driver's license was suspended. The defendant was represented by private counsel and presented to the court a "Petition to Enter Plea of Guilty" which he had signed and which was witnessed by his counsel. That petition provides, in part, as follows: "I understand that I may, if I so choose, plead 'NOT GUILTY' to any offense charged against me, and that if I choose to plead 'NOT GUILTY' the Constitution guarantees me: (a) the right to a speedy and public trial by jury; (b) the right to see and hear all witnesses against me; (c) the right to use the power and process of the court to compel the production of any evidence, including the attendance of any witnesses, in my favor; (d) the right to have the assistance of counsel in my defense at all stages of the proceedings in this court; * * *." It also contains a statement of his counsel as follows: "I have read and fully explained to the defendant all the accusations against him, set forth in the information; I have discussed with him the possible penalties and alternatives open by way of plea. The plea hereinbefore tendered

by the defendant is consistent with my advice to him and I believe it is voluntarily and understandingly made." In conformity with a plea bargain, counts II and III were dismissed. The court held the petition to enter a plea of guilty, asked defendant if his signature appeared thereon, if he had read it or had it read to him, and if he knew what was in it. Affirmative replies were given. The court then read to the defendant section 39-669.07, R. R. S. 1943, ascertained that defendant understood it, explained the elements of the offense, and had the information read, all of which defendant stated he understood. Defendant informed the court that he had not been promised any leniency, or been threatened, or mistreated in order to induce a plea of guilty; and gave factual statements pertaining to the offense. Defendant received a sentence of 1 to 3 years.

On appeal defendant assigns as error the failure of the court to verbally inform him of his constitutional rights and contends his sentence is excessive.

As to his first assignment, defendant cites and relies upon Section 1.4 of the American Bar Association Standards for Criminal Justice Relating to Pleas of Guilty. That standard states: "The court should not accept a plea of guilty or nolo contendere from a defendant without first addressing the defendant personally and * * * (b) informing him that by his plea of guilty or nolo contendere he waives his right to trial by jury, and. * * *." Nebraska has adopted these standards. See State v. Turner, 186 Neb. 424, 183 N. W. 2d 763. In the present instance it is apparent that the standard was not *strictly* complied with in that the court did not *orally* inform defendant that his plea waived a trial by jury. Must the standard be strictly complied with? We recommend that it be so adhered to in all cases, but in this instance we hold that failure to do so amounted only to harmless error, if any.

"The standard for determining the validity of a guilty plea is whether the plea represents a voluntary and

intelligent choice among the alternative courses of action open to the defendant." State v. Gray, 187 Neb. 197, 188 N. W. 2d 705. See, also, North Carolina v. Alford, 400 U. S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162.

"A plea of guilty must not only be intelligent and voluntary to be valid but the record must affirmatively disclose that the defendant entered his plea understandingly and voluntarily." State v. Turner, *supra*. See, also, Boykin v. Alabama, 395 U. S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274.

Here, the court did directly address the defendant to the extent that it ascertained the defendant understood and had signed the petition to enter a plea of guilty which was witnessed by his counsel. That petition made it clear that defendant was waiving his right to a jury trial. There can be no doubt that he understood this and that his plea of guilty was voluntarily and intelligently entered. He does not even contend the contrary.

Defendant contends that the court committed an abuse of discretion in failing to grant him probation and imposing a 1 to 3 year sentence. The defendant's plea was entered in conformity with a plea bargain and it appears that he has had an alcoholic problem for years. His record shows, in addition to numerous misdemeanor offenses, convictions for feloniously entering a building with intent to wound or maim and a motor vehicle homicide. There was no abuse of discretion.

The judgment of the District Court is affirmed.

AFFIRMED.