[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Appellant, Terrell Compton, brings this delayed appeal from a judgment of the Lake County Court of Common Pleas finding him guilty, pursuant to his accepted guilty plea, on one count of gross sexual imposition, a felony of the fourth degree, in violation of R.C. 2907.05, and one count of sexual battery, a felony of the third degree, in violation of R.C. 2907.03, which also contained a physical harm specification, R.C. 2941.143.
On August 31, 1995, appellant was indicted by the Lake County Grand Jury on one count of gross sexual imposition, R.C. 2907.05; one count of aggravated burglary, R.C. 2911.11; and one count of rape, R.C. 2907.02. On September 15, 1995, appellant entered a plea of "not guilty" to all charges. On December 8, 1995, appellant withdrew his plea of "not guilty," and pursuant to a plea agreement, pleaded guilty to count one, as charged, and count three, which was amended to sexual battery, R.C. 2907.03, with a physical harm specification, R.C. 2941.143. The trial court entered a nolle prosequi on count two in the indictment, aggravated burglary.
On January 29, 1996, the trial court sentenced appellant to serve a definite term of incarceration of eighteen months on count one, and an indefinite term of three to ten years on count three, as amended. The trial court ordered that the sentences were to be served concurrently.
On January 21, 1997, appellant sought leave of this court to pursue a delayed appeal. On March 7, 1997, this court granted appellant leave to pursue a delayed appeal, permitted him to order a transcript of the proceedings to be prepared at the state's expense, and appointed counsel. Appellant filed his brief and assignments of error on November 13, 1997. Appellant now asserts the following assignment of errors:
 "[1.] The trial court erred, to the prejudice of the appellant, by failing to advise the appellant specifically concerning the effect of his guilty plea.
 "[2.] The trial court erred, to the prejudice of the appellant, by failing to address the appellant personally concerning his constitutional rights."
In the first assignment of error, appellant asserts that the trial court failed to personally explain to him the effect of his guilty plea and that it was a complete admission of guilt to all of the charges against him, pursuant to Crim.R. 11.
Crim.R. 11(C) states the following:
 "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 "(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 "(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 "(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."
The application of Crim.R. 11(C) will require either strict or substantial compliance. Strict compliance with Crim.R. 11(C) is mandatory when a court addresses a party's constitutional rights in order to determine that a plea was given knowingly. State v.Grundy (Jan. 25, 1991), Trumbull App. No. 89-T-4251, unreported, at 7; State v. Patterson (Sept. 23, 1994), Trumbull App. No. 93-T-4826, unreported, at 3; State v. Higgs (Sept. 30, 1997), Trumbull App. No. 96-T-5450, unreported, at 4. The constitutional rights are (1) the right to a trial by jury, (2) the privilege against self-incrimination, (3) the right to confront one's accusers, and (4) the right to compulsory process. State v.Ballard (1981), 66 Ohio St.2d 473, 477-478; see, also, Boykin v.Alabama (1969), 395 U.S. 238, 243. This court recently determined that "proof beyond a reasonable doubt" also is a constitutional right. Higgs, supra, at 9-11.
Substantial compliance with Crim.R. 11(C) is required for the non-constitutional rights. Id. at 4; State v. Stewart (1977),51 Ohio St.2d 86, 93. To determine if there has been substantial compliance, a reviewing court must view the totality of the circumstances and determine whether appellant has suffered any prejudice. State v. Flint (1986), 36 Ohio App.3d 4, 9; Higgs,supra, at 4; State v. Billups (1979), 57 Ohio St.2d 31, 38. InState v. Nero (1990), 56 Ohio St.3d 106, 108, the court held, "[s]ubstantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." The court further stated that an appellant who challenges his guilty plea on the basis that is was not made knowingly, intelligently, and voluntarily, must show a prejudicial effect. Id. To show a prejudicial effect, appellant must show that he would not have otherwise made the plea. Id.
Contrary to appellant's first assignment of error, the record convincingly reveals that the trial court personally engaged appellant concerning the effect of his guilty plea and that such plea was a complete admission of guilt to all of the charges, as amended. The record establishes that a hearing was conducted on December 8, 1995, in which the trial court orally advised appellant of his constitutional rights provided in Crim.R. 11(C)(2)(c), to which appellant verbally acknowledged that he understood those rights. More importantly, the record reflects that the trial court conducted an extensive personal engagement with appellant concerning the original charges, the charges as amended, and informed him that a guilty plea would be a complete admission of guilt to the charges as amended. During the hearing, the prosecutor stated:
 "It is my understanding that the defendant is going to withdraw his formerly entered plea of not guilty, and enter a plea of guilty to Count One, gross sexual imposition; and a lesser offense of Count Three, sexual battery, with a physical harm specification.
 "If, in fact, he does change his plea the state will recommend that Count Two [aggravated burglary] be dismissed."
At that time, appellant's counsel stated that appellant wished to enter a plea of "guilty" to the amended charges. Then, the trial court conducted an extensive dialogue with appellant, where it determined that his plea was not influenced by drugs, alcohol, or coercion. The trial court reiterated the original charges and their potential penalties, restated the charges as amended, their possible penalties, and stated that appellant's guilty plea applied to the charges as amended. Finally, after further dialogue with appellant, the trial court accepted appellant's guilty plea. Thus, appellant's first assignment of error is patently meritless
In the second assignment of error, appellant specifically argues that the trial court committed reversible error by failing to personally address him about his constitutional rights, since the trial court addressed a group of defendants together about their constitutional rights, and asked each defendant at the end of the colloquy whether he understood what the court had said.
In the case sub judice, the colloquy of the trial court concerning appellant's constitutional rights reads as follows:
 "BAILIFF: Case #95-CR-575, State versus John A. Lange.
 "THE COURT: Let's have all the defendants up on all cases.
 "Pamela Rymer, Robert Steele, Terrell Compton and John A. Lange.
 "All right, come forward. There are four of you here and you are all reported by your attorneys to wish to change your plea today, and I have to advise you of certain rights. And I'm going to advise all of you together so that we don't have to do it four separate times.
 "Now, each of you are not required to enter a plea of guilty here today. You all have a right to require the State of Ohio to prove what they claim in the charges against you, and to make that proof beyond a reasonable doubt.
 "Each of you are entitled to have a jury of twelve persons to consider your guilt or innocence. And each of you have a right to have an attorney represent you, and if you cannot afford one the Court will appoint one to represent you.
 "You have a right to take the witness stand to testify in your own behalf, and you have a right to refuse to testify against yourself.
 "You have a right to confront the persons who accuse you, and you have a right to subpoena in persons to testify in your behalf.
 "In addition, if each of you were to go to trial and you were convicted in a trial you would have a right to an appeal.
 "But if you enter a plea of guilty to any of the charges made against you there will not be a trial, and likewise, there cannot be an appeal.
 "Now, do each of you understand what I have just explained to you about your rights?
"Mr. Compton?
"DEFENDANT COMPTON: Yes.
"THE COURT: Mr. Steele?
"DEFENDANT STEELE: Yes, sir.
"THE COURT: Miss Pamela Rymer?
"DEFENDANT RYMER: Yes.
"THE COURT: And Mr. Lange?
"DEFENDANT LANGE: Yes, your honor.
 "THE COURT: All right. Each of you may be seated, and we'll take Mr. Lange's case first."
Although Crim.R. 11(C) requires strict compliance for constitutional rights, the Supreme Court of Ohio stated the following:
 "* * * the best method of informing a defendant of his constitutional rights is to use the language contained in Crim.R. 11(C), stopping after each right and asking the defendant whether he understands the right and knows that he is waiving it by pleading guilty. We strongly recommend such procedure to our trial courts.
 "However, failure to so proceed will not necessarily invalidate a plea. The underlying purpose, from the defendant's perspective, of Crim.R. 11(C) is to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty.
 "Accordingly, the basis of Crim.R. 11 is to assure that the defendant is informed, and thus enable the judge to determine that the defendant understands that his plea waives his constitutional right to a trial. And, within that general purpose is contained the further provision which would inform the defendant of other rights and incidents of a trial." Ballard, 66 Ohio St.2d at 479-480.
In light of the decision in Ballard, the trial court is not required to stop after each right and ask the defendant whether he understands the right and knows that by pleading guilty, he is effecting a waiver of it. Upon appeal, a reviewing court must focus on "whether the record shows that the trial court explained or referred to the right in a manner reasonably intelligible to that defendant." Id. at 480. The record in this case demonstrates that the trial court orally communicated with appellant about each of his Crim.R. 11(C) constitutional rights. Furthermore, after explaining each of appellant's constitutional rights, the trial court orally indicated that each of those rights would be waived by pleading guilty, since there would not be a trial. Finally, the trial court asked appellant if he understood those rights and permitted appellant to answer. Appellant then affirmatively stated that he understood his rights. Thus, appellant's contention that the trial court committed prejudicial error because it asked appellant at the end of the colloquy whether he understood each of his rights is without merit.
In the second assignment of error, appellant contends that trial court committed prejudicial error by not personally addressing him of his constitutional rights, since the trial court's address was directed to a group of defendants. However, in Billups, 57 Ohio St.2d 31, at the syllabus, the court held:
 "A trial court does not commit prejudicial error under Crim.R. 11(C)(2) by entering a judgment of conviction upon a plea of guilty where * * * (3) the trial court did not orally inform the defendant of each of his rights because the defendant acknowledged that he heard and understood the court's earlier colloquy with a previous defendant and did not desire his own recitation; (4) the defendant read and executed in open court, in the presence of defense counsel, a written document which clearly explained defendant's rights and stated that defendant was waiving them by entering his plea of guilty; and (5) the defendant was literate and had obtained a ninth grade education."
In that case, the appellant's sole contention was that the trial court erred by accepting his guilty plea without first orally and personally apprising him of his constitutional rights.
In our case, the trial court specifically questioned appellant about whether he understood his rights after thoroughly explaining them aloud. Appellant answered that he did. Also, the record demonstrates that appellant was handed a "Written Plea of Guilty," which explained appellant's rights, the charges and their possible sentences, and an explanation that appellant was pleading guilty to the charges indicated on the form by signing it. In addition, the court asked appellant to go over the form with his attorney and to ask the court any questions that he had. In open court, and in the presence of his attorney, appellant signed the document. Finally, appellant stated in open court that he had completed high school, received his diploma, and was able to read and write the English language. Thus, under the holding inBillups, the trial court did not commit prejudicial error against appellant by addressing a group of defendants of their Crim.R. 11(C) constitutional rights collectively. Consequently, appellant's second assignment of error is not well-taken.
For the foregoing reasons, appellant's assignments of error are without merit. The judgment of the Lake County Court of Common Pleas is affirmed. ___________________________________________________________ JUDGE JOSEPH E. MAHONEY, Ret., Eleventh District Court of Appeals, sitting by assignment
NADER, P.J.,
O'NEILL, J., concur.