[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
As part of a plea bargain, defendant-appellant, Judy Lightner, pleaded guilty to and was convicted of one count of forgery pursuant to R.C. 2913.31(A)(3) and one count of theft pursuant to R.C. 2913.02(A)(3). In this appeal, she presents a single assignment of error for review in which she states that the trial court erred in accepting her guilty plea.
First, she contends that the trial court did not inform her that she had a right to compulsory process and that she could subpoena witnesses on her behalf. The record shows that the trial court informed appellant that if she went to trial, she "would have the right to require witnesses to come to court to testify" for her at trial. Further, appellant signed a written guilty plea that specifically stated that, by pleading guilty, she gave up her constitutional right "to have subpoenaed witnesses in [her] favor[.]" Consequently, the trial court fully complied with the provision of Crim.R. 11(C) regarding informing appellant of her right to compulsory process. See State v. Billups (1979),57 Ohio St.2d 31, 385 N.E.2d 1308; State v. McCann
(1997), 120 Ohio App.3d 505, 698 N.E.2d 470.
Appellant further contends that although the trial court informed her that any prison time she received could be extended if she violated the rules of the institution, it did not advise her that the court's sentence "would automatically include any such extension of time imposed by the parole board at the institution" as required by R.C. 2943.032. R.C. 2943.032(A) and (B) state that before the court may accept a guilty plea, it must inform the defendant that "[t]he parole board may extend the stated prison term if the defendant commits any criminal offense * * * while serving the prison term" and that "[a]ny such extension will be done administratively as part of the defendant's sentence[.]"
The record shows that that trial court specifically stated to appellant, "[I]f you were to receive a prison sentence, * * * you can add to your sentence in this case based [upon] what you do in the future. If you were in prison and committed new crimes, the prison authorities could add to your sentence by up to one half for any one new crime you committed." Further, the written guilty plea also specifically stated, "I know if I commit a crime in prison, the parole board could increase my prison time up to 50% of my stated term in 15, 30, 60, or 90 day increments." Consequently, the record shows that the trial court fully complied with the requirements of R.C. 2943.032 and Crim.R. 11(C) regarding administrative extension of sentences. See State v. Patterson
(July 29, 1999), Cuyahoga App. No. 74348, unreported; State v.Gales (Feb. 1, 1999), Mahoning App. No. 97 CA 253, unreported;State v. Griffin (July 24, 1998), Hamilton App. Nos. C-970507 and C-970527, unreported.
Finally, appellant contends that the trial court failed to inform her that she could receive consecutive sentences. The Ohio Supreme Court has specifically held that the trial court's failure to inform a defendant who pleads guilty to more than one offense that the court may order consecutive sentences is not a violation of Crim.R. 11(C) and does not render the plea involuntary. State v. Johnson (1988), 40 Ohio St.3d 130,532 N.E.2d 1295, syllabus.
In sum, our review of the record demonstrates that the trial court strictly complied with the provisions of Crim.R. 11(C) regarding the constitutional rights enumerated in Boykin v.Alabama (1969), 395 U.S. 238, 89 S.Ct. 1709, and substantially complied with the rule in all other respects. See State v.Ballard (1981), 66 Ohio St.2d 473, 423 N.E.2d 115; McCann, supra.
The trial court conducted a meaningful dialogue to determine whether appellant's guilty plea was made knowingly and voluntarily. See State v. Nero (1990), 56 Ohio St.3d 106,564 N.E.2d 474. Consequently, the trial court did not err in accepting appellant's guilty plea, and we overrule her assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.