OPINION
On May 14, 2001, a complaint was filed against appellant, Marshall Hansen, a juvenile, alleging that appellant violated a prior court order from a previous case by failing to follow the terms and conditions of his probation by not subjecting himself to the discipline and control of his probation officer in violation of R.C. 2151.02.
On June 5, 2001, appellant and his parents appeared for the arraignment wherein appellant admitted to the charge. Appellant was not represented by counsel. By judgment entry filed June 6, 2001, the trial court found appellant to be a delinquent child and ordered court placement.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ACCEPTING AN ADMISSION BEFORE DETERMINING THAT THE ADMISSION WAS KNOWING, VOLUNTARY AND INTELLIGENT, WHEN IT FAILED TO ASCERTAIN WHETHER NOTICE REQUIREMENTS WERE MET, THUS VIOLATING THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION SIXTEEN OF THE OHIO CONSTITUTION AND JUVENILE RULE 29.
 II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ACCEPTING AN ADMISSION BEFORE DETERMINING THAT THE YOUTH UNDERSTOOD THE RIGHTS HE WAS WAIVING, MAKES THE ADMISSION NOT KNOWING, VOLUNTARY AND INTELLIGENT, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION SIXTEEN OF THE OHIO CONSTITUTION AND JUVENILE RULE 29.
 I, II
Appellant claims the trial court erred in accepting his admission to the charge. Specifically, appellant claims the trial court did not determine if he understood the nature of the allegations and did not engage him in a meaningful colloquy about his waiver of his constitutional protected rights. We disagree.
Juv.R. 29(D) governs the procedures upon an admission and states as follows:
 The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
 The court may hear testimony, review documents, or make further inquiry, as it considers appropriate, or it may proceed directly to the action required by division (F) of this rule.
 Appellant argues the trial court failed to follow these requirements. We have reviewed the transcript of the June 5, 2001 proceedings and find the trial court fulfilled the mandates of Juv.R. 29(D).
The trial court explained extensively each and every right afforded to a juvenile including the right to court appointed counsel, the presumption of innocence, the right against self-incrimination, the right to present witnesses and the right to appeal. T. at 1-4. The trial court then asked appellant if he had "any questions about anything right now." T. at 4. Appellant answered in the negative. Id. After informing appellant of the charge against him, the trial court asked appellant if he wished to have a court appointed lawyer. Id. Appellant responded "No Ma'am." Id. Thereafter, the trial court again reviewed appellant's rights and stopped after each right and asked appellant if he understood the right. T. at 4-6. Appellant answered in the affirmative. Id. The trial court asked appellant if he had any questions to which he answered in the negative. T. at 6. The trial court again asked appellant if he wished to have a court appointed lawyer and again appellant responded "No Ma'am." T. at 7. Appellant's parents were present at the proceeding and acknowledged that they understood their son's rights. Id. We note appellant signed a waiver of rights form on June 5, 2001.
The charge alleged that appellant violated a prior court order from a previous case by failing to follow the terms and conditions of his probation by not subjecting himself to the discipline and control of his probation officer in violation of R.C. 2151.02. The trial court explained this charge prior to accepting appellant's admission, but did not specify in detail what appellant actually did or did not do in relation to the prior order. T. at 4. We do not find the trial court's explanation to be inadequate.
Upon review, we find the trial court's colloquy and explanation substantially complied with Juv.R. 29. State v. Billips (1979),57 Ohio St.2d 31. The trial court did not err in accepting appellant's admission to the charge.
Assignments of Error I and II are denied.
Hon. William B. Hoffman, P.J., Hon. Sheila G. Farmer, J., Hon. John W. Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Juvenile Division is affirmed.