OPINION
 STATEMENT OF THE FACTS AND CASE
{¶ 1} On November 2, 2001, Appellant appeared before the Tuscarawas County Court of Common Pleas, Juvenile Division, for a detention and shelter care hearing held pursuant to Rule 7 of the Juvenile Rules of Procedure. Appellant was charged with being an unruly child in a complaint filed October 22, 2001, and a delinquent child by reason of a complaint filed November 5, 2001. Appellant's mother accompanied appellant at the hearing. At this time the trial court advised Appellant that he had the right to have counsel appointed for him. Upon inquiry from the court, Appellant's mother indicated that she did not wish to have counsel appointed for her son. (T. at 2)
{¶ 2} On November 6, 2001, appellant appeared for his arraignment on the charges. The trial court explained general constitutional rights to the group of juvenile offenders gathered for arraignment that day. When appellant's case was called, the trial court addressed appellant individually. Based on Appellant's young age, that being twelve years old, the trial court appointed counsel for appellant, over objection from his mother, and set the matter for pretrial. The trial court heard testimony from Demi Carrothers of the Department of Job and Family Services, Appellant's mother Edyth Lane, Mr. Jenkins, Bob Gasser, Probation Officer Jon Yackey and Veronica Septer. The trial court also ordered a psychological evaluation be performed.
{¶ 3} At the pretrial on November 16, 2001, appellant appeared with counsel, and his mother. The trial court inquired of Appellant whether he recalled the rights explained to him at his arraignment and whether he understood the consequences of an admission. (T. at 21). The Appellant indicated in the affirmative. Id. The trial court again reiterated his rights with regard to not making a statement. (T. at 21-23). Before Judge Linda Kate would accept appellant's admission, she explained appellant's constitutional rights and the consequences of appellant's admission of the charge. The trial court explained by making the admission appellant would give up his right to make the State present evidence and witnesses against him, and to prove beyond a reasonable doubt appellant had committed the offense. (T. at 22). Appellant acknowledged he gave up his right to permit his attorney to cross-examine witnesses and to present witnesses on his behalf. Id. Appellant also acknowledged he understood he would give up his right against self incrimination by his admission, and give up most of his rights on appeal. (T. at 22-23). The trial court also inquired of Appellant's mother if she understood the rights of Appellant as explained, to which she replied "Oh yes Ma'am I do". (T. at 23).
{¶ 4} At the November 16, 2001, hearing, the trial court heard testimony from Appellant, Dr. Shannon from the Star Alternative School, Chief Probation Officer John Yackey and Edythe Lane.
{¶ 5} The trial court then went on to review the unruly complaint along with the second complaint containing four counts: one count of second degree criminal damaging and three counts of fourth degree disorderly conduct with Appellant. (T. at 23-26).
{¶ 6} Appellant entered admissions to each of the counts in both complaints. (T. at 24-26).
{¶ 7} The trial court accepted Appellant's admissions and found him to be unruly and delinquent by way of his pleas.
{¶ 8} On December 13, 2001, after receiving the psychological evaluation for Appellant, the trial court reconvened and heard additional evidence.
{¶ 9} Present at said hearing were Dr. Shannon, the assistant prosecuting, Demi Carrothers, Appellant, Appellant's mother and counsel for Appellant.
{¶ 10} In its December 17, 2001 Judgment Entry, the trial court ordered appellant be placed in the temporary custody of Tuscarawas County Job and Family Services for appropriate placement. Said entry further ordered that Appellant be remanded to the Juvenile Attention Center, pending placement. It is from this Judgment Entry appellant prosecutes this appeal, assigning the following as error:
 ASSIGNMENTS OF ERROR I. {¶ 11} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ACCEPTING AN ADMISSION BEFORE DETERMINING THAT THE ADMISSION WAS KNOWING, VOLUNTARY, AND INTELLIGENT, WHEN IT FAILED TO ASCERTAIN WHETHER NOTICE REQUIREMENTS WERE MET, THUS VIOLATING THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION SIXTEEN OF THE OHIO CONSTITUTION AND JUVENILE RULE 29."
 II. {¶ 12} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ACCEPTING AN ADMISSION BEFORE DETERMINING THAT THE YOUTH UNDERSTOOD THE RIGHTS HE WAS WAIVING, MAKES [SIC] THE ADMISSION NOT KNOWING, VOLUNTARY AND INTELLIGENT, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITES STATES CONSTITUTION AND ARTICLE I, SECTION SIXTEEN OF THE OHIO CONSTITUTION AND JUVENILE RULE 29."
 III. {¶ 13} "THE JUVENILE COURT COMMITTED PREJUDICIAL ERROR BY NOT PROMPTLY APPOINTING COUNSEL OF THE APPELLANT AT THE TIME OF HIS JUVENILE RULE 7, DETENTION AND SHELTER CARE HEARING WHEN HE REQUESTED THE SAME OF THE COURT."
 IV. {¶ 14} "THE TRIAL COURT'S ORDER OF DISPOSITION WAS AN ABUSE OF DISCRETION."
 I., II.
{¶ 15} In his first and second assignments of error, Appellant maintains the trial court erred in accepting his admission to the charges. Specifically, appellant claims the trial court did not determine if he understood the nature of the allegations, failed to ascertain whether notice requirements were met and did not engage him in a meaningful colloquy about his waiver of his constitutional protected rights. We disagree.
{¶ 16} Before a trial court may accept an admission to an offense in a juvenile case it must comply with Juv. R. 29. The rule states, in pertinent part:
* * *
(C) Entry of admission or denial
 The court shall request each party against whom allegations are being made in the complaint to admit or deny the allegations. A failure or refusal to admit the allegations shall be deemed a denial, except in cases where the court consents to entry of a plea of no contest.
(D) Initial procedure upon entry of an admission
 The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
* * *
(F) Procedure upon determination of the issues
 Upon the determination of the issues, the court shall do one of the following:
* * *
 (2) If the allegations of the complaint,* * * are admitted * * * do any one of the following * * *:
 (a) Enter an adjudication and proceed forthwith to disposition;
* * *
{¶ 17} Appellant argues the trial court failed to follow these requirements. We have reviewed the transcript of the proceedings and find the trial court fulfilled the mandates of Juv.R. 29(D).
{¶ 18} We find the trial court's colloquy and explanation was in compliance with Juv. R. 29, supra. The trial court reiterated the rights explained at the arraignment and complied with the requirements set forth in Juv. R. 29(D). Pursuant to Juv. R. 29(D)(1), the trial court determined appellant made the admission voluntarily, with an understanding of the nature of the allegations and the consequences of the admission. Pursuant to Juv. R. 29(D)(2), the trial court determined appellant understood, by entering an admission, he would waive his right to challenge the witnesses and evidence against him; his right to remain silent; and his right to introduce evidence at the adjudicatory hearing. Based on the foregoing, we find that the trial court did not fail to determine whether appellant entered his admission voluntarily and with an understanding of the allegations, and this argument is without merit
{¶ 19} Upon review, we find the trial court's colloquy and explanation substantially complied with Juv.R. 29. State v. Billips
(1979), 57 Ohio St.2d 31. Accordingly, the trial court did not err in accepting appellant's admission to the charge
{¶ 20} Appellant's first and second assignments of error are overruled.
 III.
{¶ 21} In his third assignment of error, Appellant argues that the trial court erred in failing to appoint counsel for Appellant, upon his request at the detention and shelter care hearing. We disagree.
{¶ 22} Upon review of the transcript, we do not find any evidence of Appellant requesting counsel be appointed at this time.
{¶ 23} A review of the record does reveal that counsel was appointed for Appellant at the first pretrial in this matter and that Appellant had counsel when he made his admissions to the charges herein.
{¶ 24} We therefore find Appellant's third assignment of error not well-taken and hereby overrule same.
 IV.
{¶ 25} In his fourth assignment of error, Appellant argues that the trial court's order of disposition was an abuse of discretion. We disagree.
{¶ 26} In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217
{¶ 27} We find that the trial court did not abuse its discretion in determining that it was in Appellant's best interest to be placed in the temporary custody of the Agency fro appropriate placeemnt. See R.C.2151.355(A)(22), or alternatively, (A)(1); In the Matter of John Lyons
(Nov. 1, 1999), Preble App. No. CA98-11-024, unreported. The juvenile court is awarded wide latitude when making a decision of this nature because it is the trial judge who has the "opportunity to see and hear the delinquent child, to assess the consequences of the child's delinquent behavior, and to evaluate all the circumstances involved. R.C. § 2151.355 authorizes the court to issue orders of disposition appropriate to each child." In re Caldwell (1996), 76 Ohio St.3d 156,160-61.
{¶ 28} Appellant's fourth assignment of error is overruled.
{¶ 29} The decision of the Tuscarawas County Court of Common Pleas, Juvenile Division is affirmed.
By: BOGGINS, J. HOFFMAN, P.J. concurs. EDWARDS, J. concurs and dissents in part.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the decision of the Tuscarawas County Court of Common Pleas, Juvenile Division is affirmed. Costs assessed to appellant.