OPINION
{¶ 1} Appellant Thomas P. Lowry, Jr. appeals the decision of the Court of Common Pleas, Stark County, which accepted his guilty plea on a trafficking charge. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} On December 11, 2002, appellant was indicted on one count of trafficking in cocaine, a felony of the third degree. On January 27, 2003, appellant, with counsel present, entered a negotiated plea of guilty to the indictment. He was thereupon found guilty and sentenced to a definite term of incarceration of three years. A fine of $5000 was also imposed.
 {¶ 3} On February 18, 2003, appellant filed a notice of appeal, and herein raises the following sole Assignment of Error:
 {¶ 4} "I. The Appellant's plea of guilty was based upon a negotiated plea, the terms of which was (sic) not stated on the record in open court as required by Criminal Rule 11(F) and resulted in prejudice to appellant."
 I. {¶ 5} In his sole Assignment of Error, appellant argues the trial court committed prejudicial error by accepting his negotiated plea of guilty without stating the terms of the plea agreement on the record. We disagree.
 {¶ 6} Crim.R. 11 sets forth the manner in which a trial court affirmatively determines that a defendant's entry of a plea comports with the constitutional standards set forth under Ohio law. See State v.Stowers (Jan. 31, 1985), Cuyahoga App. No. 48572, citing State v.Billups (1979), 57 Ohio St.2d 31. Crim.R. 11(F) addresses negotiated pleas in felony cases, as follows: "When, in felony cases, a negotiated plea of guilty or no contest to one or more offenses charged or to one or more other or lesser offenses is offered, he underlying agreement upon which the plea is based shall be stated on the record in open court."
 {¶ 7} In the case sub judice, the following discussion, in pertinent part, took place regarding the plea:
 {¶ 8} "THE COURT: The only — I've had discussions with Mr. Stergios and the State of Ohio. And the court is going to order that you serve a period of three years in the appropriate state institution. There is a mandatory fine of $5,000 the Court must impose by statute. So your sentence is going to be three years in the appropriate state institution, a $5,000 fine. There is not — judicial release is not possible, but whatever the institution does, as far as where they send you, is up to them.
 {¶ 9} "Do you understand that's a sentence you're going to receive, with credit for time served in the Stark County Jail?
 {¶ 10} "Yes.
 " * * * {¶ 11} "THE COURT: The record should also reflect that this is a negotiated plea under 2953.08(D) and Criminal Rule 11(F) and, therefore, the State of Ohio and the state and the defendant are accepting this sentence without the right to appeal. Agree, State of Ohio?
 {¶ 12} "Ms. Konovsky: Yes, Your Honor.
 {¶ 13} "The Court: Agree, Mr. Stergios?
 {¶ 14} "Mr. Stergios: Yes, Your Honor." Tr. at 7-9.
 {¶ 15} As an initial matter, we must analyze the State's response that appellant cannot appeal from a sentence that is recommended by both parties (i.e., the prosecutor and the defendant) and is authorized by law. See R.C. 2953.08(D). This Court has followed this rule in past sentencing appeals. See, e.g., State v. Amstutz (Nov. 8, 1999), Stark App. No. 1999CA00104: "A sentence imposed upon a defendant is not subject to review as of right if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Moreover, in State v. Sumes, Stark App. No. 2001CA00196, 2002-Ohio-1582, we relied on R.C. 2953.08(D) in finding unreviewable a defendant's appeal which, in part, asserted that the trial court had erred on a plea-related issue, i.e., in accepting a guilty plea without first determining whether said defendant understood the nature of the charges to which he had pled. We additionally found that the defendant had never made any request in the trial court at the plea hearing to withdraw his guilty plea prior to or following sentencing as required by Crim.R. 32.1; hence, we found the issue waived on that basis as well. Id., citing State v. Awan (1986), 22 Ohio St.3d 120, 122.
 {¶ 16} In the case sub judice, appellant entered into a negotiated plea and thereafter failed to attempt to withdraw the plea. As such, we find the rationale of Sumes applicable herein.
 {¶ 17} Appellant's sole Assignment of Error is therefore overruled.
 {¶ 18} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, J., Hoffman, P.J., and Boggins, J., concur.