[Cite as *State v. Cave*, 2013-Ohio-2054.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY


STATE OF OHIO,                                    :

    Plaintiff-Appellee,                       :        CASE NOS. CA2012-07-011
                                                                   CA2013-05-002
                                                     :

  - vs -                                             :        O P I N I O N
                                                            :        5/20/2013

ROBERT G. CAVE,                                  :

    Defendant-Appellant.                      :


CRIMINAL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case Nos. 12-CR-010850 and 12-CR-010903


Martin P. Votel, Preble County Prosecuting Attorney, Eric E. Marit, 101 East Main Street, Eaton, Ohio 45320, for plaintiff-appellee

Tamara S. Sack, 9435 Waterstone Blvd., Suite 140, Cincinnati, Ohio 45249, for defendant-appellant


**HENDRICKSON, P.J.**

{¶ 1} Defendant-appellant, Robert G. Cave, appeals from his convictions in the Preble County Court of Common Pleas, arguing that the trial court improperly accepted his guilty pleas. For the reasons discussed below, we affirm appellant's convictions.

{¶ 2} On February 6, 2012, appellant was indicted in Case No. 12-CR-010850 on the following charges: burglary in violation of R.C. 2911.12(A)(3) (count 1); theft in violation of

R.C. 2913.02(A)(1) (count two); two counts of violating a protection order in violation of R.C. 2919.27(A)(1) (counts three and four); carrying a concealed weapon in violation of R.C. 2923.12(A)(2) (count five); and improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B) (count six).

{¶ 3} Subsequently, on April 13, 2012, appellant was charged pursuant to a Bill of Information with the following offenses in Case No. 12-CR-010903: identity fraud in violation of R.C. 2913.49(B)(1) (count one); theft in violation of R.C. 2913.02(A) (count two); and misuse of credit cards in violation of R.C. 2913.21(B)(2) (count three).[1]

{¶ 4} On April 13, 2012, appellant entered guilty pleas in both criminal cases. With respect to Case No. 12-CR-010850, appellant pleaded guilty to counts one, two, four, and six, and the remaining counts were dismissed by the state. With respect to Case No. 12-CR-010903, appellant entered a guilty plea as to all three counts charged. Thereafter, appellant was sentenced to a total of 54 months in prison.

{¶ 5} Appellant now appeals his convictions, raising the following assignment of error:

{¶ 6} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT ACCEPTED HIS PLEA WITHOUT CONDUCTING A CRIMINAL RULE 11 COLLOQUY AND WITHOUT MAKING A DETERMINATION THAT THE PLEA WAS KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY MADE.

{¶ 7} In his sole assignment of error, appellant contends that the trial court erred in accepting his guilty pleas in Case Nos. 12-CR-010850 and 12-CR-010903 as his pleas were not knowingly, intelligently and voluntarily made. Specifically, appellant contends that his pleas could not have been knowingly, intelligently, and voluntarily made as he was not

---

1. On May 13, 2013, this court granted appellant's motion for delayed appeal of Case No. 12-CR-010903 and consolidated that appeal with his appeal of Case No. 12-CR-010850.

properly advised under Crim.R. 11(C) of the rights he was waiving by pleading guilty. The state, on the other hand, contends appellant was advised pursuant to Crim.R. 11(C), and further, appellant's pleas were properly accepted by the trial court in accordance with the Supreme Court's holding in *State v. Billups*, 57 Ohio St.2d 31 (1979).

{¶ 8} A plea of guilty is a complete admission of the defendant's guilt. Crim.R. 11(B). "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 7; *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). Crim.R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty or no contest, and it provides in relevant part the following:

> (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

"Before accepting a guilty plea * * * the court must make the determinations and give the warnings required by Crim.R. 11(C)(2)(a) and (b) and notify the defendant of the constitutional rights listed in Crim.R. 11(C)(2)(c)." *Veney* at ¶ 13.

{¶ 9} The record reflects that all defendants who were scheduled to enter a change of plea on April 13, 2012, including appellant, were apprised at the same time of the rights they would surrender by entering pleas of guilty, to wit: the right to a jury trial, to confront one's accusers, to compulsory process to obtain witnesses, to require the state to prove guilt beyond a reasonable doubt, and to the privilege against compulsory self-incrimination. Specifically, the trial court advised appellant and the other defendants as follows:

> You are entering a plea of guilty. Apparently others, who are set for today, will also be entering a plea or pleas of guilty. You all need to understand that when you do that, you are waiving certain rights. First, when you plead guilty, you are admitting your guilt. Secondly, when you plead guilty, you waiver [sic] certain rights. You waive your right not to testify against yourself, your right to a trial by a jury or to the Court, your right to call witnesses to appear on your behalf and to use the authority of the Court to get those witnesses to Court. You waive your right to face and cross examine witnesses that would appear to testify against you. And you waive your right to require the State to prove your alleged guilt beyond a reasonable doubt at a trial at which you cannot be compelled to testify against yourself, and during which your failure to testify can't be used against you.

> All of you will be entering pleas of guilty, most likely, to what would be felonies. I will explain the penalties to you, but in Ohio, if you are sent to prison, then when you are released, you may be released on what is called a period of post release control.

> In some cases, post release control would be mandatory, and you will be advised of that if you're pleading to an offense that requires a mandatory post release control.

> In other cases, it is not mandatory, meaning somebody can exercise discretion to either place you on post release control or not. But post release control is control after you have served a prison sentence.

- 4 -

If you don't comply with the conditions of post release control, you can be sent back to prison to serve more time in increments of up to nine months for each violation, but subject to a maximum of one-half of whatever the sentence was that was ordered by the Court.

So if you are ordered to serve 12 months in the custody of the Department of Corrections, and when you are released you are released on post release control, and then you mess up, you don't comply with the conditions, you can be required to actually serve an additional six months. Even though the Court ordered a 12 month sentence, the result could be 18 months.

{¶ 10} Thereafter, once appellant's cases were called to the docket, the trial court engaged in the following dialogue with appellant:

THE COURT: All right, now, you've heard me indicate to the others that when you plead guilty, this is on all of these charges, now, you are admitting your guilt. Do you understand?

[APPELLANT]: Yes.

THE COURT: You heard me indicate the rights you waive. Do you understand those rights?

[APPELLANT]: Yes.

THE COURT: I also indicated that if you enter these pleas of guilty, I would have the authority to proceed immediately with judgment and sentence. Do you understand that?

[APPELLANT]: Yes, sir.

THE COURT: Do you understand the concept of post release control?

[APPELLANT]: Yes.

The trial court then proceeded to discuss the seven charges, four from Case No. 12-CR-010850, and three from Case No. 12-CR-010903, to which appellant was intending to plead guilty. With respect to each offense, the trial court advised appellant of the maximum possible punishment and associated fine, as well as whether there was any mandatory or optional post release control, prior to asking appellant whether he understood "the nature of

that charge and the maximum penalty" and asking appellant how he pleaded. The trial court also had appellant execute, in open court with his defense counsel present, a written document which discussed the rights set forth in Crim.R. 11(C)(2) and specified that the rights were being waived.[2] Thereafter, the trial court found appellant's pleas to be knowingly, intelligently, and voluntarily made and it accepted his pleas.

{¶ 11} We find no error in the trial court's method of accepting appellant's guilty pleas. Appellant, who was represented by counsel, was properly informed under Crim.R. 11(C)(2) of the rights he was waiving, the nature of the charges to which he was pleading guilty, and the court's ability to proceed with the judgment and sentence immediately. Additionally, the method in which appellant's pleas were accepted by the trial court is similar to the method in which a defendant's pleas were accepted in *State v. Billups*, 57 Ohio St.2d 31 (1979).

{¶ 12} In *Billups*, the defendant pleaded guilty to two counts of aggravated burglary and two counts of grand theft. Before accepting Billup's guilty plea, the trial court offered to engage Billup in a formal colloquy intended to inform him of all his rights. *Id.* at 32. Billup, who had been present in the courtroom when the trial court conducted the same colloquy with a previous defendant, rejected the offer, stating that he understood what had previously transpired. *Id.* Billup, with his defense counsel present, then executed in open court a written waiver, which encompassed each of the rights set forth in Crim.R. 11(C)(2) and specified that such rights were being waived. *Id.* The trial court accepted Billup's plea, and the Fourth District Court of Appeals affirmed his conviction. *Id.* On appeal to the Supreme Court, Billup argued that the trial court erred when it accepted his guilty plea without first

---

2. The trial court instructed appellant as follows regarding the execution of the written waivers:

> THE COURT: Now, there are two waivers. If you want the Court to accept these pleas, sign each waiver. When you signed the waivers, you are simply confirming in writing everything you have just done orally.

orally and personally advising him of each of his constitutional and other rights pursuant to Crim.R. 11(C)(2). *Id.* at 33. The Supreme Court overruled Billup's argument, finding:

> A trial court does not commit prejudicial error under Crim.R. 11(C)(2) by entering a judgment of conviction upon a plea of guilty where the record of the guilty plea proceeding affirmatively demonstrates that: (1) the defendant was represented throughout the proceedings by counsel; (2) the trial court conducted a discussion with the defendant, apprising him of the nature of the charges and the minimum and maximum sentences for each offense, and determining the voluntariness of the submitted plea; (3) the trial court did not orally inform the defendant of each of his rights because the defendant acknowledged that he heard and understood the court's earlier colloquy with a previous defendant and did not desire his own recitation; (4) the defendant read and executed in open court, in the presence of defense counsel, a written document which clearly explained defendant's rights and stated that defendant was waiving them by entering his plea of guilty; and (5) the defendant was literate and had obtained a ninth grade education.

*Id.* at syllabus.

{¶ 13} In the present case, the record of the guilty plea proceeding demonstrates: (1) appellant was represented by counsel; (2) the court conducted a discussion with appellant, apprising him of the nature of the charges and the potential maximum sentence for each offense, and determining the voluntariness of the submitted plea; (3) the trial court did not orally inform appellant of each of his rights because appellant acknowledged that he heard and understood the court's earlier colloquy, which had been directed at all defendants, including appellant, who were scheduled to enter a change of plea on April 13, 2012; and (4) appellant read and executed in open court, in the presence of his defense counsel, a written document which clearly explained his rights and stated that the rights were being waived by his plea of guilty. Although there is no evidence in the record detailing appellant's formal education, appellant does not argue, nor is there anything to indicate, that he was illiterate or otherwise incapable of comprehending the trial court's colloquy or the written waiver he

executed. As such, we find that the trial court did not err in accepting appellant's guilty pleas and entering a judgment of conviction in Case No. 12-CR-010850 and Case No. 12-CR-010903.

{¶ 14} Appellant's sole assignment of error is overruled.

{¶ 15} Judgment affirmed.

S. POWELL and RINGLAND, JJ., concur.