OPINION
{¶ 1} Defendant-appellant, Jerry Reece, appeals from judgments of the Franklin County Court of Common Pleas convicting him of trafficking in cocaine, in violation of R.C. 2925.03, illegal manufacturing of drugs, in violation of R.C. 2925.04, and possession of cocaine, in violation of R.C. 2925.11, and sentencing him to a total of 13 years in prison. For the reasons that follow, we reverse and remand.
 {¶ 2} On March 14, 2003, in case No. 03CR03-1763, defendant was indicted on two counts of trafficking in cocaine, in violation of R.C. 2925.03, both felonies of the first degree. The first count of the indictment alleged that, on March 7, 2003, defendant sold or offered to sell crack cocaine in an amount equal to or exceeding 25 grams but less than 100 grams. The second count of the indictment alleged that, on March 11, 2003, defendant sold or offered to sell crack cocaine in an amount equal to or exceeding 25 grams but less than 100 grams.
 {¶ 3} At a hearing held on January 12, 2004, defendant pled guilty to count one of the indictment and to one count of trafficking in cocaine as a felony of the third degree, a stipulated lesser-included offense of count two of the indictment. Before the trial court accepted defendant's guilty pleas, it advised him as follows regarding his constitutional rights:
If we were to have a trial, you would have a right to have a jury come in, listen to the evidence and make a decision of whether you were guilty of anything or not. You would have a right to have the state be required to bring witnesses in to present their testimony where you or in all likelihood, Mr. Bobbitt in your behalf would have a right to cross examine these witnesses. You would have a right to have witnesses come in and testify for you. If they didn't come in voluntarily, the court could compel or require them to come in and present their testimony. You would have a right to have the state be required to present sufficient evidence to establish your guilt beyond a reasonable doubt before you could be found guilty of anything, and you could remain silent, although you could testify if you wanted to, but hopefully, that will occur only again after you have consulted with Mr. Bobbitt and you made that decision that you wanted to testify.
* * *
Do you understand the rights you have and the rights you are giving up by not having a trial?
(Jan. 12, 2004 Tr. at 9-10.) The defendant answered "Yes, sir." (Id. at 10.)
 {¶ 4} The trial court accepted defendant's plea of guilty to one count of trafficking in cocaine, a felony of the first degree, and one count of trafficking in cocaine, a felony of the third degree. The trial court ordered a presentence investigation and scheduled the sentencing hearing for February 19, 2004.
 {¶ 5} On February 13, 2004, defendant filed a motion to withdraw his guilty plea. On May 10, 2004, the trial court granted said motion and reassigned the case for trial.
 {¶ 6} On June 30, 2004, in case No. 04CR04-4370, defendant was indicted on one count of possession of cocaine, in violation of R.C. 2925.11, a felony of the second degree; one count of illegal manufacture of drugs, in violation of R.C. 2925.04, a felony of the second degree; and one count of possession of cocaine, in violation of R.C. 2925.11, a felony of the first degree. Count one of the indictment alleged that, on March 12, 2003, defendant possessed cocaine in an amount equal to or exceeding 100 grams but less than 500 grams. Count two of the indictment alleged that, on March 12, 2003, defendant manufactured or was engaged in any part of the production of crack cocaine. Count three of the indictment alleged that, on March 12, 2003, defendant possessed crack cocaine in an amount equal to or exceeding 25 grams but less than 100 grams.
 {¶ 7} On October 25, 2004, the trial court held a plea hearing as to case Nos. 03CR03-1763 and 04CR04-4370. The record reveals that, at that hearing, the trial court advised defendant of his right to a jury trial, the right to confront accusers, and the right to compulsory process of witnesses, but it did not advise defendant of the privilege against self-incrimination.
 {¶ 8} In case No. 03CR03-1763, defendant pled guilty to one count of trafficking in cocaine, a violation of R.C. 2925.03. A nolle prosequi was entered as to count two of the indictment in that case. In case No. 04CR04-4370, defendant pled guilty to one count of illegal manufacturing of drugs, a violation of R.C.2925.04 (count two), and one count of possession of cocaine, a violation of R.C. 2925.11 (count three). A nolle prosequi was entered for count one of the indictment in case No. 04CR04-4370.
 {¶ 9} A sentencing hearing was held on April 28, 2005. In case No. 03CR03-1763, the trial court sentenced defendant to six years in prison. In case No. 04CR04-4370, the trial court imposed a sentence of seven years on each count. The court ordered the sentences in case No. 04CR04-4370 to run concurrently with each other and consecutively with the sentence in case No. 03CR03-1763. Thus, defendant was sentenced to a total of 13 years in prison. The trial court entered judgment in both cases on May 2, 2005.
 {¶ 10} Defendant timely filed a notice of appeal in both cases, and on June 3, 2005, this court consolidated the two appeals. Defendant has set forth the following three assignments of error for our review:
FIRST ASSIGNMENT OF ERROR
APPELLANT'S CONSTITUTIONAL RIGHTS PURSUANT TO THE FIFTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WERE VIOLATED, AND HE ENTERED A CONSTITUTIONALLY INVALID PLEA, WHICH SHOULD BE VACATED, AS THE TRIAL COURT FAILED TO CONFORM TO CRIMINAL RULE 11 WHEN ACCEPTING APPELLANT'S PLEA OF GUILT.
SECOND ASSIGNMENT OF ERROR
THE COURT ERRED IN SENTENCING APPELLANT WITHOUT MAKING APPROPRIATE FINDINGS ON THE RECORD.
THIRD ASSIGNMENT OF ERROR
APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.
 {¶ 11} Under his first assignment of error, defendant contends that the trial court failed to comply with Crim.R. 11 when it accepted his guilty pleas.[1] Specifically, defendant argues that the trial court failed to comply with Crim.R. 11(C)(2)(c), which provides as follows:
(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
* * *
(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
 {¶ 12} The procedural requirements for accepting a guilty plea set forth in Crim.R. 11(C)(2) are consistent with constitutional protections afforded a defendant. See, e.g.,State v. Cruse, Franklin App. No. 01AP-1074, 2002-Ohio-3259, at ¶ 26. A trial court must strictly comply with the provisions of Crim.R. 11(C)(2) that relate to the waiver of constitutional rights, including the right to a trial by jury, the right to confront one's accusers, the privilege against self-incrimination, and the right to compulsory process of witnesses. See State v. Stewart (1977), 51 Ohio St.2d 86,88-89; State v. Ballard (1981), 66 Ohio St.2d 473, paragraph one of the syllabus; State v. Colbert (1991),71 Ohio App.3d 734; see, also, Boykin v. Alabama (1969), 395 U.S. 238,89 S.Ct. 1709. "Crim.R. 11(C)(2) requires the trial judge to personally inform the defendant of the constitutional guarantees he waives by entering a guilty plea." State v. Nero (1990),56 Ohio St.3d 106, 107.
 {¶ 13} In Ballard, at 478, the Supreme Court of Ohio held "that a guilty plea is constitutionally infirm when the defendant is not informed in a reasonable manner at the time of enteringhis guilty plea of his rights to a trial by jury and to confront his accusers, and his privilege against self-incrimination, and his right of compulsory process for obtaining witnesses in his behalf." (Emphasis added.) The trial court need not use the exact language of Crim.R. 11(C), but it must explain the constitutional rights in a manner "reasonably intelligible" to the defendant. See Ballard, at paragraph two of the syllabus.
 {¶ 14} Regarding the nonconstitutional requirements of Crim.R. 11, only substantial compliance is required. Stewart,
at 93; Nero, at 108; Colbert, at 737. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Nero, at 108.
 {¶ 15} Defendant argues that his guilty pleas were invalid because the trial court did not refer, in any manner, to his privilege against self-incrimination at the October 25, 2004 hearing. The state concedes that the trial court did not refer to the privilege against self-incrimination at that hearing. However, the state maintains that, although the trial court did not orally explain to defendant his privilege against self-incrimination the second time he pled guilty, the court had already orally advised him as to his constitutional rights, including the privilege against self-incrimination, at the January 12, 2004 hearing when defendant originally pled guilty in case No. 03CR03-1763. According to the state, the record of this case, which includes a transcript of the January 12, 2004 hearing, demonstrates that defendant understood all of his rights. In addition, the state notes that defendant had counsel both times he entered guilty pleas, and he signed an entry of guilty plea, which explained his rights, each time he pled guilty.
 {¶ 16} The state cites State v. Billups (1979),57 Ohio St.2d 31, in support of its argument. In Billups, the Supreme Court of Ohio upheld the trial court's acceptance of a guilty plea even though the trial court did not orally and personally inform the defendant of his constitutional trial rights. In that case, the defendant, who had executed a written document which encompassed the rights set forth in Crim.R. 11(C)(2), acknowledged that he heard and understood the court's earlier colloquy with a previous defendant and did not desire his own recitation. The Supreme Court applied the "substantial compliance" test outlined in Stewart, supra, and determined that the trial court had substantially complied with the requirements of Crim.R. 11(C)(2). See Billups. Notwithstanding the Supreme Court's holding in Billups, when a challenge to a guilty plea involves a trial court's alleged failure to inform a defendant of a constitutional right, the applicable standard requires strict compliance with Crim.R. 11(C). See Ballard;State v. Amburgy, Franklin App. No. 04AP-1332, 2006-Ohio-135;State v. Morris (Oct. 5, 1995), Franklin App. No. 95APA04-478.
 {¶ 17} Defendant's challenge to his guilty pleas involves a constitutional right — his privilege against self-incrimination. In order to properly inform defendant of that right, the trial court was required to strictly comply with the requirements of Crim.R. 11(C)(2). Thus, we must determine whether the trial court strictly complied with the requirements of Crim.R. 11(C)(2), not whether the trial court substantially complied with that rule. In order to strictly comply with Crim.R. 11(C)(2), the trial court was required to personally inform defendant, in a manner reasonably intelligible to him, of his privilege against self-incrimination, along with the other constitutional rights listed in that rule, at the time he entered his guilty pleas. A trial court's failure to strictly comply with the rule, as to the constitutional rights listed therein, is prejudicial error.Morris, supra.
 {¶ 18} The record reveals that, at the October 25, 2004 hearing, the trial court did not, in any manner, refer to the privilege against self-incrimination in its colloquy with defendant. Thus, the trial court did not strictly comply with the requirements of Crim.R. 11(C)(2) as to a constitutional right listed therein. The fact that defendant was informed of his privilege against self-incrimination at the January 12, 2004 hearing did not cure the trial court's noncompliance with Crim.R. 11(C)(2) at the October 25, 2004 hearing in regard to the privilege against self-incrimination. Additionally, a signed written waiver of constitutional rights does not effect a legal waiver in the absence of the necessary colloquy between the court and the defendant. See Morris.
 {¶ 19} Based on the foregoing, we conclude that the trial court failed to comply with Crim.R. 11(C)(2) when it accepted defendant's guilty pleas in the underlying criminal cases. As such, defendant's guilty pleas in the underlying criminal cases are invalid. Therefore, we sustain defendant's first assignment of error.
 {¶ 20} Defendant argues in his second assignment of error that the trial court erred in sentencing him without making the appropriate findings on the record. By his third assignment of error, defendant argues that he received ineffective assistance of counsel at trial. As to his ineffective assistance of counsel claim, defendant argues that his trial counsel was ineffective in not objecting to the trial court's failure to comply with Crim.R. 11, in not objecting to the imposition of consecutive sentences on the basis that the trial court did not make the proper findings on the record, and in not raising the issue of vindictive prosecution in the trial court. Our disposition of defendant's first assignment of error renders his second and third assignments of error moot.
 {¶ 21} For the foregoing reasons, defendant's first assignment of error is sustained, and his second and third assignments of error are moot. The judgments of the Franklin County Court of Common Pleas are reversed, and this matter is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
Judgments reversed; cause remanded.
Brown and McGrath, JJ., concur.
[1] Although, in his brief, defendant refers to his guilty "plea," he clearly is challenging his plea of guilty in both underlying trial court cases from which he appeals.